The PEOPLE of the State of
Colorado, Complainant,

v.

Paul T. WRIGHT, Attorney-Respondent.

No. 81SA357.

Supreme Court of Colorado,
En Banc.

Nov. 17, 1981.

---

Philip A. Harley, Office of the Disciplinary Prosecutor, Denver, for complainant.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Denver, for attorney-respondent.

QUINN, Justice.

Paul T. Wright, you appear before this court for the imposition of discipline. In a disciplinary proceeding conducted before a Hearings Committee of the Supreme Court's Grievance Committee, the Committee determined that you engaged in professional misconduct by violating DR 1–102(A)(4) and recommended discipline in the form of a private censure. A Hearings Panel of the Grievance Committee approved the findings, conclusions and recommendations of the Hearings Committee. We issued an order directing you to show cause why a public censure should not be imposed as the appropriate sanction. After considering your written response to the show cause order, we adopt the findings of the Hearings Committee but conclude that a public censure is proper and just under the circumstances of this case.

You were licensed to practice law in Colorado on May 7, 1971. A formal complaint was filed against you for your conduct in connection with a real estate closing on December 11, 1978. The evidence established that you acted as a licensed real estate broker on behalf of Vera Louisa Wilson, Karen L. Leck and Jean E. Kearns, who were the joint owners of property located at 10 South Winona Court in Denver, Colorado. In your capacity as broker you procured on behalf of the joint owners a contract for the sale of the property to Robert J. and Lucille Patterson. The Western Federal Savings Bank held a promissory note and a first deed of trust on the property in the amount of $10,485.79. At the closing on December 1, 1978, you took possession of $10,485.79 and represented to the sellers that you would take care of the outstanding promissory note and deed of trust "right away."

You did not act in accordance with your representation to the sellers. After receiving monthly loan-payment notices in December 1978 and January 1979 from Western Federal Savings Bank, Karen Leck contacted the bank and learned that the outstanding note had not been paid, nor had the deed of trust been released. After several telephone calls to you proved unsuccessful, the sellers retained the services of another attorney to resolve the matter at a cost of $250. Finally, on February 20, 1979, you paid off the $10,485.79 outstanding indebtedness to Western Federal Savings Bank and the deed of trust then was released.

We agree with the Hearings Committee that your conduct violated DR 1–102(A)(4) which provides: "A lawyer shall not . . . engage in conduct involving . . . misrepresentation." You took possession of $10,485.79 and clearly represented that you would discharge immediately the outstanding indebtedness to the bank. This you failed to do and, as noted by the Hearings Committee, you offered no satisfactory explanation for the delay in discharging your obligation to the sellers.

Although you have no prior record of professional misconduct, we are satisfied that a private censure would not adequately address the character of the violation involved in this case. Your misconduct stemmed not from a mere neglect of a legal matter entrusted to you, DR 6–101(A)(3), but from a misrepresentation in connection with a substantial sum of money belonging to others, DR 1–102(A)(4). Such misconduct is not to be taken lightly. It causes those adversely affected by the misrepresentation to view the lawyer's behavior with particular disdain and engenders in the public an unhealthy disrespect for the legal profession.

Paul T. Wright, you hereby are publicly censured. It is ordered that you make restitution to the sellers for their attorney fees amounting to $250 and, further, that you pay the costs of these proceedings in the amount of $203.50 within sixty days from this date.